UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN L. BISHOP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 4:10CV02234 RWS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case is before me on Kevin Bishop's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence to federal prison. For the reasons set forth below, the motion will be denied.

Bishop asserts three grounds for relief in his § 2255 petition:

1) His counsel was constitutionally ineffective for not objecting to the calculation of his sentencing guideline offense level;

2) His counsel was ineffective for not objecting to his sentencing guideline criminal history level calculation; and

3) He was improperly induced into pleading guilty and, as a result, his guilty plea was not knowing and voluntary.

**I.     Background**

On January 28, 2010, Bishop pleaded guilty to the charge of being a prior convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His guilty plea was made pursuant to a "Plea Agreement, Guidelines Recommendations and Stipulations" (Plea

Agreement).

At his plea hearing, Bishop stated to United States District Court Judge Donald Stohr, under oath, that the Plea Agreement was true and correct. The Plea Agreement set forth the following facts:

On September 1, 2009, police officers spotted Bishop walking on the 5300 block of Wells in St. Louis. (Pl. Hr'g at 11). The officers had reasonable suspicion to pat down Bishop, and they found a handgun on his person. Id. They arrested Bishop and did a search incident to arrest. Id. The officers found .32 grams of crack cocaine in Bishop's shorts pocket. Id. After the drugs were found, Bishop spontaneously stated that "I was just tryin [sic] to make a little money, I'm broke." Id. Bishop knowingly possessed the firearm as well as the crack cocaine. Id. At his plea hearing, Bishop agreed that the above facts were true. Id. at 12.

During his plea hearing, Bishop told Judge Stohr, under oath, that he was satisfied with his counsel's representation and the advice she gave him regarding his case. Id. at 3-4. Bishop told Judge Stohr that he had gone over his plea agreement with his attorney. Bishop also told Judge Stohr, under oath, that he did not disagree with any provisions of the Plea Agreement. Id. at 4. Bishop acknowledged that no one had made any other promise or assurance to him in order to induce a guilty plea. Id. at 6. Bishop affirmed that he and his attorney had talked about how the sentencing guidelines applied to him, and that he knew that the sentence imposed could be different from the estimate his attorney may have given him. Id. at 7-8. Bishop said he understood that he had the opportunity to plead not guilty and have a trial by jury, and that he knew that there would be no trial if he pled guilty. Id. at 9-10. Bishop ultimately pleaded guilty to the charge of being a prior convicted felon in possession of a firearm. Id.

On April 23, 2010, Judge Stohr sentenced Bishop to 77 months in prison and three years of supervised release.

Bishop now claims that, contrary to what he said under oath at his plea hearing, his counsel was constitutionally ineffective because his attorney failed to object to his total offense level calculated under the sentencing guidelines, failed to object to his criminal history calculation under the sentencing guidelines, and that his plea of guilty was not made knowingly or voluntarily due to the advice, or lack thereof, that his attorney gave him.

**II.     Analysis**

*A.     Bishop Received Effective Assistance of Counsel because His Offense Level was Properly Calculated.*

Bishop alleges that he did not receive effective assistance of counsel under the Sixth Amendment because his attorney did not object to his offense level calculation under the Sentencing Guidelines. He claims that because he was never charged with possession of cocaine base with intent to distribute, four extra points should not have been added to his offense level. Bishop argues that his Sixth Amendment right to effective assistance of counsel was violated for failing to challenge the four-point enhancement.

Section 2K2.1(b)(6) of the United States Sentencing Guidelines Manual, provides that a four-level enhancement is appropriate "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." "Another felony offense" is defined as "any federal, state or local offense . . . punishable by imprisonment for a term exceeding one year, *regardless of whether a criminal charge was brought*, or a conviction obtained." U.S.S.G. §

2K2.1 comment n. 14(C) (emphasis added). Here, although Bishop was not charged or convicted of possession of cocaine base with intent to distribute, the fact that he possessed cocaine base while carrying a firearm means that the four-level enhancement should be applied to his offense level calculation.

In the Plea Agreement, and under oath at his plea hearing, Bishop admitted that at the time of his arrest he told the police, "I was just tryin [sic] to make a little money." (Pl. Hr'g at 11). This admission supports the four-point enhancement under 2K2.1(b)(6) based on possessing a firearm in connection with illegal drug activity. Moreover, even if Bishop's possession of cocaine base was simple possession, he admitted in the plea agreement that he possessed the firearm "in connection" with another felony offense (the cocaine base possession) and he admitted that four levels should be added to his base offense level under 2K2.1(b)(6).

Bishop's attorney did not err by not objecting to the four-point enhancement to his offense level. In order to show ineffective assistance of counsel, a defendant must first show "that counsel's performance was deficient." Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to meet this burden, a defendant must provide evidence that his attorney's counsel made such egregious errors "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. A defendant must show both or else "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id. Bishop's counsel cannot be ineffective for not objecting to the very facts that Bishop admitted to in the Plea Agreement and at the plea hearing. At his plea

hearing Bishop said that he went over the Plea Agreement with his lawyer and understood its terms. (Pl. Hr'g at 4). He admitted that he agreed with the terms of the agreement. Id. As a result, Bishop cannot establish his claim that his counsel was constitutionally ineffective for failing to object to the four-point enhancement.

        B.    *Bishop Received Effective Assistance of Counsel because His Criminal History Points were Properly Calculated.*

Bishop alleges that he did not receive effective assistance of counsel under the Sixth Amendment because his attorney did not object to Bishop's criminal history calculation under the sentencing guidelines. He argues that, because his tampering and traffic offenses were sentenced on the same day and that his child support offense and stealing offense were sentenced on the same day, he should have received six criminal history points for these offenses rather than twelve.

Bishop's argument has no merit because his criminal history points were properly calculated. Based on Bishop's prior convictions he had twenty-one criminal history points. These points resulted in a criminal history of Level VI. He now asserts that he should have been assessed six points less for a total of fifteen points. I have reviewed the criminal history point calculation in the Pre-Sentence Report (PSR) and find that it correctly determined that Bishop receive twenty-one points. Moreover, even if Bishop is correct and he should only have been given fifteen points for his criminal history, fifteen points still results in a criminal history Level VI designation.

Because Bishop's criminal history points were properly calculated, he is not entitled to

any relief under 28 U.S.C. § 2255. See Rodriguez v. U.S., 17 F.3d 225, 226 (8th Cir. 1994) ("[C]ounsel's failure to raise a meritless argument cannot constitute ineffective assistance."); Larson v. U.S., 905 F.3d 218, 219 (8th Cir. 1990) ("[I]t cannot be ineffective assistance of counsel to not raise a meritless argument.").

    C.    *Bishop's Guilty Plea was made Knowingly and Voluntarily.*

Bishop alleges that his attorney coerced him into pleading guilty to being a prior convicted felon in possession of a firearm. He claims that his guilty plea was not made voluntarily, that he did not understand the nature of the charge against him, and that he did not understand the consequences of his plea. He also alleges that his attorney told him that if he did not take the plea, he would also be charged with possession with intent to distribute crack cocaine. Bishop claims that he and his attorney never discussed any sort of trial strategy and that he was told to just plead guilty.

Bishop's claim fails. When a defendant pleads guilty and then later alleges that the plea was not made voluntarily, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Here, Bishop has failed to show that any information which formed the basis of his sentence was a surprise or was not contemplated by the Plea Agreement.

Bishop "must overcome 'strong presumption[s]' of counsel's competence and of the voluntariness of his guilty plea based on his representations at his plea hearing" in order to have a valid claim that his plea was involuntary or coerced. Ramey v. U.S., 8 F.3d 1313, 1314 (8th Cir.

1993) (quoting Bramlett v. Lockhart, 876 F.2d 644, 647 (8th Cir. 1989). Bishop has not met this burden. At his plea hearing, Bishop stated that he was satisfied with his attorney's representation and the advice given to him by his attorney. (Pl. Hr'g at 4). He was asked if he had gone over the Plea Agreement with his attorney, and he stated that he had and that he did not object to anything in it. Id. Bishop was asked if anyone had "made any other or different promise or assurance to [him] of any kind in an effort to induce [him] to enter a plea of guilty[,]" and Bishop said that no one had done so. Id. at 6. He was asked if he understood that he had the right to plead not guilty, and he said that he understood. Id. at 9. Given that Bishop stated that he was satisfied with the work his attorney had done on his behalf, and that he agreed that no one had induced him to plead guilty, he cannot overcome the strong presumption that his attorney competently represented him and that his guilty plea was not induced or involuntary.

For the reasons stated above, I will deny Bishop's motion for relief in this matter.

### III. An Evidentiary Hearing is not Warranted

Generally, 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their petition. However, there is a well established exception to this rule when the files and records of the case conclusively show that the petitioner is not entitled to relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Check v. United States, 858 F.2d. 1330, 1333 (8th Cir. 1988). Because the record in this case conclusively establishes that Bishop is not entitled to relief, his request for an evidentiary hearing is denied.

## IV. Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). A substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Id. I find Bishop has not made such a showing. As a result, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Kevin Bishop's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Bishop has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgement will be entered on this same day.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of December, 2011